CAUSE NO. DC-15-00716-D    77,138-39

SENRICK WILKERSON                    IN THE JUDICIAL DISTRICT
TDCJ NO. 1885146,
         RELATOR
                                     95TH JUDICIAL COURT
V.

DALLAS COUNTY DISTRICT CLERK:        DALLAS RECEIVED IN TEXAS
FELICIA PITRE                        COURT OF CRIMINAL APPEALS

IN HER OFFICIAL CAPACITY,            NOV 12 2015
         RESPONDENT.

## PLAINTIFF'S ORIGINAL APPLICATION FOR WRIT OF MANDAMUS

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, SENRICK WILKERSON, RELATOR, pro se in the above-styled and numbered cause of action and files this Original Application For Writ of Mandamus, pursuant to Article 11.07 Section 3(c) of the Texas Code of Criminal Procedure, and would show the Court the following:

### I. RELATOR

Senrick Wilkerson, TDCJ No. 1885146 is an offender that is illegally incarcerated in the Texas Department of Criminal Justice and is appearing pro se, who can be located at 1100 FM 655, Brazoria County, Texas 77583.

Relator has no other adequate remedy at law. The act sought to be compelled is ministerial, not discretionary in nature. TCCP Art. 11.07 Section 3(c) requires Respondent to immediately transmit to the Court of Criminal Appeals a copy of the application for writ of habeas corpus, any answers filed, and a certificate reciting the date upon which that finding was made, if the convicting court decides that there are no issues to be resolved. Relator filed an 11.07 Writ of Habeas Corpus 'Ad Testificandum', and this court has failed to respond.

### II. RESPONDENT

Respondent, Felicia Pitre, in her capacity as District Clerk of Dallas County, Texas has a ministerial duty to receive and file all papers in a criminal proceeding, and perform all other duties imposed on the clerk by law pursuant to TCCP Art. 2.21, and is responsible under TCCP 11.07 Sec. 3(c) to immediately transmit to the Court of Criminal Appeals a copy of the application for writ of habeas corpus, any answers filed, and a certificate reciting the date upon which that finding was made if the convicting court decides that there are no issues to be resolved. Felicia Pitre, District Clerk, Dallas County may be served at he place of business at 133 N. Riverfront Blvd, LB12, Dallas, Texas 75207,

### III.

VIOLATION OF ARTICLE 11.07 OF THE TEXAS CODE OF CRIMINAL PROCEDURE

Page 1 of 2

This document contains some pages that are of poor quality at the time of imaging.

The Respondent violated Article 11.07 Section 3(C) of the Texas Code of Criminal Procedure by failing to provide a copy of the application for writ of habeas corpus, any answer filed, and a certificate reciting the date upon which that finding was made to the Court of Criminal Appeals within the time prescribed by law and within a reasonable time from the date on which the documents were requested to be transmitted. See Exhibit A, which will express how the trial Court Abused its Discretion.

Relator has gone well beyond any requirement or obligations imposed upon him by the Texas Code of Criminal Procedure. In contrast to Relator's efforts, Respondent has wholly failed to comply with the Texas Code of Criminal Procedure, Article 11.07 Section 3(C), is acting in bad faith, and has also failed to afford Relator the professional and common courtesy of any written responses to his correspondence and requests. See ~~After~~ Exhibit A.

## PRAYER

Relator prays for an Order directing Respondent to transmit copy of the application for writ of habeas corpus, any answers filed, and a certificate reciting the date upon which that finding was made to the Court of Criminal Appeals as directed in Article 11.07 Section 3(C) of the Texas Code of Criminal Procedure and as requested in Exhibit A, and all of the motions that were filed in the trial Court.

Respectfully submitted,

SENRICK WILKERSON 1885146
Ramsey I Unit
1100 FM 655 TE-2-17T
Rosharon, TX 77583

## CERTIFICATE OF SERVICE

I hereby certify that on November 9, 2015, the foregoing document has been U.S. mailed to: Court of Criminal Appeals, P.O. Box 12308, Austin, TX 78711.

SENRICK WILKERSON

CAUSE NO. DC-15-00716-D

SENRICK WILKERSON                                          IN THE JUDICIAL DISTRICT
TDCJ NO. 1885146,
        RELATOR

V.                                                        95TH JUDICIAL COURT

DALLAS COUNTY DISTRICT CLERK:
FELICIA PITRE                                            DALLAS COUNTY, TEXAS
IN HER OFFICIAL CAPACITY,
        RESPONDENT.

## PLAINTIFF'S ORIGINAL APPLICATION FOR WRIT OF MANDAMUS

TO THE JUSTICES OF THE COURT OF APPEALS:
    COMES NOW, SENRICK WILKERSON, RELATOR, prose in the above-styled and numbered
cause of action and files this Original Application for Writ of Mandamus, pursuant to
Texas Code of Criminal Procedure, and would show the Court the following:

### I,

    The trial Court in cause Nos. DC-15-00716-D Abuses its Discretion because
the trial court is acting without reference to guiding rules or principles, and is
totally ignoring Plaintiff's motion for Bench Warrant, when the trial judge set
the trial date as November 16, 2015. Therefore, the trial court is acting
arbitrarily and unreasonable. See Stelly V. Papania 927 S.W. 2d 620. Plaintiff
filed his Motion to be Bench Warrant, and the trial court is purposely ignoring
such motion, and all other motions filed in this case above. The trial court will
not respond period. How else is Plaintiff supposed to know whether or not
any of his motions have been granted or denied. This is clearly abuse of
discretion due to the Court/trial court acting without any reference to
guiding rules or principles. Vernon's Ann. Texas Rules Civ. Proc., Rule 169.

    "Good Cause"... The trial court can not and has not justified to why the
Court is ignoring Plaintiff's motions. Particularly, Plaintiff's Motion for Bench
Warrant. The trial court possesses broad discretion to rule on motions,
and its ruling will be set aside on appeal only upon clear abuse of discretion.
The trial is showing prejudice against Plaintiff, causing him to write letters
to the Court of Appeals. However, the Court of Appeals prematurely ruled on
a Writ of Mandamus that was never filed properly. Plaintiff wrote a letter to
the Court of Appeals. The fact and the point is this. The record in the above
case proves "Good Cause" for the trial court abusing its discretion. Plaintiff
diligently filed his motion properly and the trial court intentionally ignores
Plaintiff's motions, resulting in abuse of discretion. See City of Houston

Page 1 of 2

EXHIBIT
A

V. Riner 896 S.W. 2d 317; Torrance V. State 59 S.W. 3d 275; Tarrant County Hosp. Dist. V. Henry 52 S.W. 3d 434, RELIEF must be granted and the Appeals courts must Order the Trial Court to rule in favor of Plaintiff. Plaintiff has no means of being present at trial, on November 16, 2015, without the Motion for Bench Warrant being granted. Its not like Plaintiff can walk out of Ramsey I Unit, and call for someone to pick him up, and drive him to Dallas County. Plaintiff is indigent and the only means, is for the Dallas County Sheriff to transport him to Dallas County.

Respectfully submitted,

SENRICK WILKERSON 1885146
Ramsey I Unit
1100 FM 655 7E-2-17T
Rosharon, TX 77583

CERTIFICATE OF SERVICE

I hereby certify that on November 9, 2015, the following foregoing document has been U.S. mailed to: Court of Appeals, 600 Commerce St, Ste. 200, Dallas, Tx 75202; & Felicia Pitre District Clerk, ste. 101.

SENRICK WILKERSON

CAUSE NO. DC-15-00716-D

SENRICK WILKERSON

VS

THE CITY OF DALLAS
DALLAS POLICE DEPARTMENT, ET AL.

IN THE DISTRICT COURT

95TH JUDICIAL DISTRICT

DALLAS COUNTY, TEXAS

## FACTS & TRUTH

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, SENRICK WILKERSON, PLAINTIFF in the above styled and numbered cause, and files this document entitled FACTS & TRUTH. See Exhibit A.

Exhibit A is the copy of a document that will be emailed, faxed, or U.S. mailed to every single News Media investigative team in America.

This document will be U.S. mailed to the following: I.

1. Tatia R. Wilson
Assist City Attorney
City of Dallas
1500 Marilla 7CN
Dallas, TX 75201

2. Jerome Neal Stein
The Cochran Building
5838 Live Oak St.
Dallas, TX 75214

3. Felicia Pitre District Clerk
Susan Hawk Head D.A.
133 N. Riverfront Blvd., LB12
Dallas, TX 75207

4. Texas Department of Criminal
Justice
Parole Division
Attn: Correspondence
P.O. Box 13401
Capital Station
Austin, TX 78711

5. U.S. Court of Appeals
Fifth Circuit
600 S. MAESTRI PL.
New Orleans, LA 70130

6. Many other Entities
- U.S. President
- Attorney General
- U.S. FBI
- etc. etc.

Respectfully submitted

SENRICK WILKERSON N1885146

## CERTIFICATE OF SERVICE

I hereby certify that on August 27, 2015, the foregoing document has been U.S. mailed to: Felicia Pitre District Clerk, 600 Commerce St., Ste. 101, Dallas, Texas 75202.

SENRICK WILKERSON

# UNSWORN DECLARATION

Under both Federal law (28 U.S.C. § 1746) and State law (V.T.C.A. Civil Practice & Remedies Code, §132.001 – 132.003), offenders incarcerated in Texas may use an unsworn declaration under penalty of perjury in place of a written declaration, verification, certification, oath, or affidavit sworn before a Notary Public.

I, SENRICK WILKERSON                    , being presently incarcerated in TDCJ Ramsey Unit, in Brazoria County, Texas, declare under penalty of perjury that the foregoing is true and correct.

Executed on this the **24** day of **August**                    , 20**15**.

_____
Offender Signature

CAUSE NO. DC-15-00716-D

SENRICK WILKERSON
VS
THE CITY OF DALLAS
DALLAS POLICE DEPARTMENT, ET AL

IN THE DISTRICT COURT
95TH JUDICIAL DISTRICT
DALLAS COUNTY, TEXAS

TO THE HONORABLE JUDGE OF SAID COURT:
Attached to Plaintiff's UNSWORN DECLARATION is a three(3) page copy of his AFFIDAVIT OF COMPLAINT.

Respectfully submitted,

SENRICK WILKERSON 1885194
Ramsey I Unit
1100 FM 655 7E-27TT
Rosharon, TX 77583

## CERTIFICATE OF SERVICE

I hereby certify that on August 24, 2015, the Affidavit of Complaint was U.S. Mailed to: Felicia Pitre District Clerk; Tatia R. Wilson; Jerome Neal Stein; Texas Dept. of Criminal Justice-Parole Division; and U.S. Court of Appeals, Fifth Circuit.

SENRICK WILKERSON

SENRICK S. WILKERSON 1885146
Ramsey I Unit
1100 FM 655 7E-2-17T
Rosharon, Texas 77583

August 19, 2015

STATE BAR OF TEXAS
P.O. BOX 12487
Capitol Station
Austin, Texas 78711

RE: Complaint For Lawyer Misconduct / Cause No. DC-15-00716-D

Dear State Bar of Texas:

GREETINGS... I am writing this letter to file a COMPLAINT for MISCONDUCT that was executed by and through defense lawyer **Calvin D. Johnson** & prosecutor Brooke B. Grona-Robb. Both attorneys are licensed through the State Bar of Texas, and both attorneys are guilty of committing crimes, in which they both engage in conduct involving dishonesty, fraud, deceit, and misrepresentation. Both attorneys engaged in conduct constituting obstruction of justice. Both attorneys improperly influenced improperly, the Dallas Police Department, a government agency and their officials. Both attorneys knowingly assisted Judge Gracie G. Lewis and other judicial officers in conduct that is a violation of applicable rules of judicial conduct or other law. **Brooke B. Grona-Robb** engaged in conduct that constitutes barratry as defined by the law of this state. Both lawyers shall not violate these rules in which I have so described. See Rule 8.04 State Bar Rules of Professional Conduct.

## HISTORY.

On 11/22/2010, while I was at my home in Richardson, Texas, Dallas Police Department filed the following four (4) offenses fraudulently without no Complaint Affidavits, and no Probable Cause; F10-01182 Sexual Performance CH, F10-01183 Sexual Performance CH, F10-01184 Sexual Assault, and F10-01185 Compelling Prostitution. Of course this fraud was hereby improperly influenced by and through Brooke B. Grona-Robb.

Page 1 of 3     C/C

On 11/24/2010, Brooke B. Grona-Robb fraudulently forged all four(4) indictments, where she never once presented these cases before any Magistrate Judge or Grand Jury. Calvin D. Johnson was improperly influence by Grona-Robb due to the fact that I was never once informed that I had been indicted, on 11/24/2010, In fact, I never saw the fraudulent indictments until I was illegally convicted and sentenced, on 12/17/2010, for cause Nos. F10-01183 & F10-01184.

On 11/29/2010, the State issued the fraudulent capias arrest warrants, and not once did any Peace Officer ever come to my home to arrest me despite the fact that my home address is on each fraudulent arrest warrant, and I made no efforts to flee. Also, on 11/29/2010, Calvin D. Johnson had me contact him on another phone, from a payphone. When Johnson answered the phone, he claimed that the FBI was tapping my cell phone, and he advised me to leave the State and hide. I told Johnson to goto HELL because I knew that I never once committed any crimes against Destiny Rae Austin!

On 12/3/2010, Calvin D. Johnson called me on my cell phone and had asked me to meet him at Frank Crowley Courts, He claimed that he had everything all figured out. I drove to the court building, and Calvin D. Johnson & Brooke B. Grona-Robb had influenced Judge Gracie G. Lewis improperly, to sign some fraudulently falsified personal recognizance bonds for cause Nos. F10-01182, F10-01183, F10-01184, and F10-01185. I was never once detained, never once in any states custody, and never once arrested for these offenses,

There are no Complaint Affidavits, no Probable Cause information, no Police Investigative files, no Offense Reports, no Arrest Reports, no Book-in Sheets, and no Arraignment Sheets for cause Nos. F10-01182, F10-01183, F10-01184 & F10-01185. But Brooke B. Grona-Robb influenced improperly, the Dallas Police Department and the Dallas County District Clerk's officials to fraudulently produce four(4)

different falsified arrest dates for these falsified offenses, and Calvin D. Johnson adversely committed himself to this malicious and malfeasance misconduct(s).

## LEGAL CONCLUSION & RULES

There are three principal sources of professional obligations for lawyers in Texas: these rules, the State Bar Act, and the State Bar Rules, Article X, section 7 of the State Bar Rules contains a listing of the grounds for discipline under those Rules.

Rule 8.04 provides a comprehensive restatement of all forms of conduct that will subject a lawyer to discipline under either these Rules, the State Bar Act or the State Bar Rules. In that regard, Rule 8.04 (a)(1) is intended to correspond to article X, section 7(1) of the State Bar Rules; Rules 8.04(a)(2) and 8.04(b) are intended to correspond to the provisions of article X, sections 7(8) and 26 of those Rules; and Rules 8.04(a)(7)-(10) are intended to correspond to article X, sections 7(3), 7(5), 7(6) and 7(7), respectively, of the State Bar Rules. Rule 8.04(a)(11) of these Rules corresponds to a prohibition contained in the last (unnumbered) paragraph of article X, section 7.

Many kinds of illegal conduct reflect adversely on fitness to practice law. However, some kinds of offenses carry no such implication. Traditionally in this State, the distinction has been drawn in terms of "serious crimes" and other offenses. See article X, sections 7(8) and 26 of the State Bar Rules. These Rules continue that distinction by making only those criminal offenses either amounting to "serious crimes" or having the salient characteristics of such crimes the subject of discipline. See Rules 8.04(a)(2, 8.04(b).

Lawyers holding public office assume legal responsibilities going beyond those of other citizens. A lawyer's abuse of public office can suggest an inability to fulfill the professional role of attorney. The same is true of abuse of position of private trust.

I am filing this Complaint against Brooke B. Grona-Robb & Calvin D. Johnson, and I demand a thorough investigation of the fraud, tampering, and falsifying of government documents that were influenced improperly by both Texas attorneys.

Sincerely